Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
3011 36th Avenue South, #6
Minneapolis, MN 55406
Telephone: 612-217-0257
Email: nik@mcnowick.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Asad Ehtisham,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Asad Ehtisham, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC a Georgia corporation, Trans Union, LLC, a Delaware limited liability company, Advance Audio, Inc., a Kansas company, CCM Enterprises, LLC, a Kansas company,and Porsche Cars North America, a Georgia Corporation. | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, ASAD EHTISHAM, BY AND THROUGH

COUNSEL, Nicholas R. Nowicki and for his Complaint against the Defendants,

pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3.  The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4.  Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5.  The Defendants to this lawsuit are:

   a.  Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b.  Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   c.  Trans Union, LLC ("Trans Union") which is Delaware company that maintains a registered agent in Maricopa County, Arizona;

   d.  Advance Audio, Inc, ("Advance Audio") which is a Kansas company that maintains its registered offices in Wichita, Kansas;

   e.  CCM Enterprises, LLC ("CCM") which is a Kansas company that maintains a registered office in Cochise County, Arizona; and

   f.  Porsche Cars North America ("Porsche") which is a Georgia company that maintains a registered agent in Maricopa County, Arizona.

3

**GENERAL ALLEGATIONS**

6. Defendants Advance Audio, Porsche, and CCM are reporting their trade lines ("Errant Trade Lines") on Plaintiff's credit files with the following erroneous information:

    a. Advance Audio is misreporting its Errant Trade Line with account number 913970434XXXX on Mr. Ehtisham's Trans Union credit file with erroneous language indicating that it was a collection account. This is false as Mr. Ehtisham paid Advance Audio directly in full on March 30, 2010. The debt, which is the subject of this trade line, was transferred to a collection agency, CCM, on April 1, 2010, after it had already been paid directly to Advance Audio on March 30, 2010.

    b. Porsche is misreporting its Errant Trade Line with account number 11005XXXX on Mr. Ehtisham's Experian credit file with language stating that the account was charged-off. This is false as Mr. Ehtisham was always timely in making payments regarding this Errant Trade Line.

    c. CCM is reporting its trade line with account number 913970434XXXX ("Bogus Trade Line") on Mr. Ehtisham's Experian and Equifax credit files. The debt, allegedly owed to Advance Audio which is the subject of this Errant Trade Line, was paid directly in full on March 30, 2010 to Advance Audio, prior to it being opened with CCM.

4

7.  Sometime prior to March 22, 2015, Mr. Ehtisham obtained his credit files and noticed the Errant Trade Lines and the Bogus Trade Line.

8.  On or about March 22, 2015, Mr. Ehtisham submitted a letter to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs") disputing the Errant Trade Lines and Bogus Trade Line.

9.  Upon information and belief, the CRAs transmitted Mr. Ehtisham's consumer dispute to Advance Audio, CCM, and Porsche.

10. On or about August 4, 2015, Mr. Ehtisham submitted another letter to the CRAs disputing the Errant Trade Lines and the Bogus Trade Line.

11. Upon information and belief, the CRAs transmitted Mr. Ehtisham's second consumer dispute to Advance Audio, CCM, and Porsche.

12. On or about September 20, 2015, Mr. Ehtisham obtained his credit files and noticed the following:

    a.  CCM Enterprises retained its Bogus Trade Line on Mr. Ehtisham's Experian and Equifax credit files.

    b.  Porsche retained the language "was a charge-off" on its Errant Trade Line on Mr. Ehtisham's Experian credit file.

    c.  Advance Audio retained language stating "collection account" on its Errant Trade Line on Mr. Ehtisham's Trans Union credit file.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ADVANCE AUDIO

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. After being informed by Trans Union that Mr. Ehtisham disputed the accuracy of the information it was providing, Advance Audio negligently failed to conduct a proper reinvestigation of Mr. Ehtisham's dispute.

15. Advance Audio negligently failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b). Specifically it failed to direct Trans Union to remove the language indicating that the account is a collection account from the Errant Trade Line.

16. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Ehtisham's consumer credit file with Trans Union to which it is reporting such trade line.

17. As a direct and proximate cause of Advance Audio's negligent failure to perform its respective duties under the FCRA, Mr. Ehtisham has suffered damages, mental anguish, suffering, humiliation and embarrassment.

18. Advance Audio is liable to Mr. Ehtisham by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

6

19. Mr. Ehtisham has a private right of action to assert claims against Advance Audio arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Advance Audio for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ADVANCE AUDIO

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed Trans Union that Mr. Ehtisham disputed the accuracy of the information it was providing, Advance Audio willfully failed to conduct a proper reinvestigation of Mr. Ehtisham's dispute.

22. Advance Audio willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

23. As a direct and proximate cause of Advance Audio's willful failure to perform its respective duties under the FCRA, Mr. Ehtisham has suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. Advance Audio is liable to Mr. Ehtisham for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Advance Audio for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## <u>COUNT III</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CCM**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Experian and Equifax that Mr. Ehtisham disputed the accuracy of the information it was providing, CCM negligently failed to conduct a proper reinvestigation of Mr. Ehtisham's dispute as required by 15 USC 1681s-2(b).

27. CCM negligently failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

Specifically, it failed to direct Experian and Equifax to remove the Bogus Trade Line.

28. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Ehtisham's consumer credit files with Experian and Equifax to which it is reporting such trade line.

29. As a direct and proximate cause of CCM's negligent failure to perform its respective duties under the FCRA, Mr. Ehtisham has suffered damages, mental anguish, suffering, humiliation and embarrassment.

30. CCM is liable to Mr. Ehtisham by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681o.

31. Mr. Ehtisham has a private right of action to assert claims against CCM arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against CCM for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CCM**

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. After being informed Experian and Equifax that Mr. Ehtisham disputed the accuracy of the information it was providing, CCM willfully failed to conduct a proper reinvestigation of Mr. Ehtisham's dispute.

34. CCM willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

35. As a direct and proximate cause of CCM's willful failure to perform its respective duties under the FCRA, Mr. Ehtisham has suffered damages, mental anguish, suffering, humiliation and embarrassment.

36. CCM is liable to Mr. Ehtisham for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against CCM for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## <u>COUNT V</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PORSCHE

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. After being informed by Experian that Mr. Ehtisham disputed the accuracy of the information it was providing, Porsche negligently failed to conduct a proper reinvestigation of Mr. Ehtisham's dispute as required by 15 USC 1681s-2(b).

39. Porsche negligently failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the language indicating the account was a charge-off.

40. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Ehtisham's consumer credit files with Experian to which it is reporting such trade line.

41. As a direct and proximate cause of Porsche's negligent failure to perform its respective duties under the FCRA, Mr. Ehtisham has suffered damages, mental anguish, suffering, humiliation and embarrassment.

42. Porsche is liable to Mr. Ehtisham by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681o.

43.Mr. Ehtisham has a private right of action to assert claims against Porsche

arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment

against Porsche for damages, costs, interest and attorneys' fees in the amount of less

than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and

attorney's fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PORSCHE

44.Plaintiff realleges the above paragraphs as if recited verbatim.

45.After being informed by Experian that Mr. Ehtisham disputed the accuracy of

the information it was providing, Porsche willfully failed to conduct a proper

reinvestigation of Mr. Ehtisham's dispute.

46.Porsche willfully failed to review all relevant information available to it and

provided by the CRAs as required by 15 USC 1681s-2(b).

47. As a direct and proximate cause of Porsche's willful failure to perform its respective duties under the FCRA, Mr. Ehtisham has suffered damages, mental anguish, suffering, humiliation and embarrassment.

48. Porsche is liable to Mr. Ehtisham for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Porsche for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

13

# COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ehtisham as that term is defined in 15 USC 1681a.

51. Such reports contained information about Mr. Ehtisham that was false, misleading, and inaccurate.

52. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Ehtisham, in violation of 15 USC 1681e(b).

53. After receiving Mr. Ehtisham's consumer dispute to the Errant Trade Lines and Bogus Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Ehtisham has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Experian is liable to Mr. Ehtisham by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ehtisham as that term is defined in 15 USC 1681a.

58. Such reports contained information about Mr. Ehtisham that was false, misleading, and inaccurate.

59. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Ehtisham, in violation of 15 USC 1681e(b).

60. After receiving Mr. Ehtisham's consumer dispute to the Errant Trade Lines and Bogus Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Ehtisham has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Experian is liable to Mr. Ehtisham by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ehtisham as that term is defined in 15 USC 1681a.

65. Such reports contained information about Mr. Ehtisham that was false, misleading, and inaccurate.

66. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it  reported to one or more third parties pertaining to Mr. Ehtisham, in violation of 15 USC 1681e(b).

67. After receiving Mr. Ehtisham's consumer dispute to the Errant Trade Lines and Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

68. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Ehtisham has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

69. Equifax is liable to Mr. Ehtisham by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

70. Plaintiff realleges the above paragraphs as if recited verbatim.

71. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ehtisham as that term is defined in 15 USC 1681a.

72. Such reports contained information about Mr. Ehtisham that was false, misleading, and inaccurate.

17

73. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Ehtisham, in violation of 15 USC 1681e(b).

74. After receiving Mr. Ehtisham's consumer dispute to the Errant Trade Lines and Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

75. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Ehtisham has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

76. Equifax is liable to Mr. Ehtisham by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

77. Plaintiff realleges the above paragraphs as if recited verbatim.

78. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ehtisham as that term is defined in 15 USC 1681a.

79. Such reports contained information about Mr. Ehtisham that was false, misleading, and inaccurate.

80. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Ehtisham, in violation of 15 USC 1681e(b).

81. After receiving Mr. Ehtisham's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

82. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Ehtisham has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

83. Trans Union is liable to Mr. Ehtisham by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

84. Plaintiff realleges the above paragraphs as if recited verbatim.

85. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ehtisham as that term is defined in 15 USC 1681a.

86. Such reports contained information about Mr. Ehtisham that was false, misleading, and inaccurate.

87. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Ehtisham, in violation of 15 USC 1681e(b).

88. After receiving Mr. Ehtisham's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

89. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Ehtisham has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

90. Trans Union is liable to Mr. Ehtisham by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.


## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

1

2

3   DATED: November 19, 2015                    McDonough & Nowicki PLLC

4

5                                        By: _/s/ Nicholas R. Nowicki_

6
                                            Nicholas R. Nowicki
7                                           AZ Lic. # 029740
8                                           McDonough & Nowicki PLLC
                                            3011 36th Avenue South, #6
9                                           Minneapolis, MN 55406
                                            Telephone: 612-217-0257
10                                          Email: nik@mcnowick.com

11
                                            Attorneys for Plaintiff,
12                                          Asad Ehtisham

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28